is pre-eminently true.   Whether the statute under discussion would be allowed to have a retroactive application in cases where a bona fide purchaser had acquired title to property after the lien had expired under previously existing laws, is a question which does not arise in the cases now before us.   We should hesitate before adopting such a view.

From what has been stated, it follows that the judgments heretofore entered in these cases must stand, and we so order.

*Error assigned* was in entering judgment for plaintiff on the point reserved.

*L. H. R. Nyce* and *Alfred R. Haig*, for appellants.

*James Alcorn*, assistant city solicitor, with him *David Lavis* and *John L. Kinsey*, city solicitors, for appellee.

PER CURIAM, July 10, 1902:

We are of the opinion that the questions raised on the argument of this appeal, as well as the appeal of City of Philadelphia v. Hannah Athow et al., No. 187, October term, 1901, were correctly decided by the court below.   The cases are controlled by the Act of July 26, 1897, P. L. 420, and not by the Act of April 16, 1845, P. L. 488, which alone was construed in the case of Philadelphia v. Beatty, 9 Pa. Superior Ct. 255.   The judgments are sustained by the clear and satisfactory opinions of the court below in which we concur.

Judgment affirmed.

---

## Philadelphia *v.* Athow, Appellant.

PER CURIAM, July 10, 1902:
The judgment is affirmed.